## In re Graham

*T. P. Dunn*, for petitioner.
*John B. Brooks*, for intervenor.
*Clarence T. Bryan*, for respondent.

WAITE, P. J., July 21, 1937.—This matter is before the court on petition of the president of the Erie County Bar Association, pursuant to a resolution of that association alleging that respondent is now and has been for many years past engaged in the practice of the law without legal authority and praying that an investigation be had and that the court make "such order as right and justice may require." An answer was filed denying that defendant is or has been so engaged, and further denying the jurisdiction of the orphans' court in the premises. A hear-

ing was had, testimony taken, and the matter argued before the court sitting in banc.

We will not attempt to formulate a precise definition of the practice of law. As was said by the Supreme Court of Pennsylvania in Shortz, Jr., et al. v. Farrell, 327 Pa. 81, to attempt to do so "would be more likely to invite criticism than to achieve clarity."

In People v. Title Guarantee & Trust Co., 180 App. Div. 648, 168 N. Y. Supp. 278, it is said:

"The 'practice of the law', as the term is now commonly used, embraces much more than the conduct of litigation. The greater, more responsible, and delicate part of a lawyer's work is in other directions. Drafting instruments creating trusts, formulating contracts, drawing wills and negotiations, all require legal knowledge and power of adaptation of the highest order. Besides these employments, mere skill in trying lawsuits, where ready wit and natural resources often prevail against profound knowledge of the law, is a relatively unimportant part of a lawyer's work."

The practice of law is a profession requiring high moral character and special ability, supplemented by years of attentive study, and formal admission to the bar after passing a rigid examination before the State Board of Law Examiners. To permit one not so qualified to engage in the practice of law would be unfair to the duly qualified members of the bar. But the primary reason for prohibiting such unlawful practice is for the protection of the public. The experience of the courts through many years has shown such protection to be necessary. There can be no doubt of the authority of the orphans' court to pass upon the qualifications of persons appearing before it as attorneys, nor of its right to restrain anyone not properly qualified from appearing both before the court and before the register of wills, who is the clerk and record keeper of the court. Such authority is in our opinion inherent in any court of record. In the Matter of the Petition of the Columbiana County Bar Association for an Inquiry by the

Court into the Unauthorized Practice of Law is a case affirmed in the Supreme Court of Ohio restraining such practice before the probate courts of that State: See Ohio Bar Association Report, July 1, 1935.

In reaching our conclusions in this case we are not reflecting upon the character of Mr. Graham, nor upon the quality of the service performed for his clients. With the practice of law, as with that of medicine, it is possible for one to familiarize himself with the simpler processes of either profession and render satisfactory service to his clients, at least temporarily. But here a principle is involved. It is the policy of the State to permit no one to practice either profession until after having satisfied a State board of his competency. The operation of the rule is for the protection of the public, and when violations are brought to our attention we have no choice of action.

### Findings of fact

1. The Erie County Bar Association is the duly authorized, acting, and official bar association for the legal profession in Erie County, and the present proceeding was duly instituted by it.

2. G. C. Graham, Esq., was and is a citizen and resident of the Borough of North East, Erie County, Pa., and has been and is justice of the peace in the said borough.

3. G. C. Graham, Esq., never has been and is not now admitted to the practice of law in the courts of Erie County or elsewhere.

4. Since May 1929, and continuing up to the filing of the present proceedings, G. C. Graham, Esq., has drawn, for others than himself, wills, inventories, inheritance tax returns, personal property tax returns, petitions for guardians, petitions sur audit, has advertised himself as "agent" in many estates, and has filed said papers in court.

5. He has handled many estates without the services or advice of any attorney at law.

6. He has been identified with 67 estates in the Orphans' Court of Erie County from May 1929 until the filing of this proceeding, and the inference is inescapable that he has been acting as a regular attorney, even to the extent of appearing in open court.

7. He has advertised in the papers, soliciting the drawing of legal papers.

### Conclusions of law

1. The court has jurisdiction of the parties and subject matter.

2. Respondent has been habitually, for pay, engaged in the preparation of legal documents and advising laymen with respect to their legal rights.

3. The actions of respondent, a layman, amounted to the practice of law.

4. The newspaper advertisements of respondent, a layman, solicited the unauthorized practice of law.

5. Respondent should be enjoined.

### Decree

And now, to wit, July 21, 1937, after hearing and upon consideration it is ordered, adjudged, and decreed:

1. That respondent be and he hereby is enjoined from drawing or preparing or giving legal advice with respect to wills, inventories, inheritance tax returns, personal property tax returns, accounts, petitions sur audit, and, without limiting the succeeding by the foregoing, from preparing for others all petitions or papers incidental to the practice of law in the orphans' court or before the register of wills;

2. That respondent be and he hereby is enjoined from advertising or holding himself out as attorney or one authorized to draw legal papers; and

3. That respondent be and hereby is enjoined from the practice of law, without prejudice, however, to his right to act solely in his personal business, or to take affidavits or conduct proceedings according to law as justice of the peace.